Rosado, Appellant, *v.* The Registrar, Respondent.

Appeal from a Decision of the Registrar of Property of Caguas.

No. 148.—Decided June 28, 1913.

Sale Subject to Right of Redemption—Lease—Assignment of Right of Redemption—Record of Consummation of Sale.—The appellant purchased certain properties subject to a right of redemption and then leased them to the vendor under an agreement, among other things, that if three consecutive monthly payments should become due and not be paid punctually, it would be considered that the total obligation was due and the purchaser would have the right to apply for an entry in the registry of a consummation of sale. The registry shows that subsequently the right of redemption was assigned to another. The record of the case does not show the manner in which the application for the entry of the consummation of sale was made. It was held that in view of the circumstances of the case and it not appearing that the appellant proved that the assignee of the original vendor and lessee failed to comply with the condition, the decision appealed from should be affirmed.

The facts are stated in the opinion.

*Mr. Andrés Mena* for appellant.

The registrar did not appear.

Mr. Justice del Toro delivered the opinion of the court.

By a public instrument executed August 21, 1911, Marcos Reyes sold three rural properties to Clotilde E. Rosado for the sum of $1,000. It was covenanted in the deed that if the vendor should return the amount of the purchase price together with the expenses of the contract within five years from the date of the deed, the purchaser or her representatives would execute a deed of reversion of the property to the said Marcos Reyes; but if said period should expire without his having exercised the right of redemption, the said instrument should acquire the character of an absolute and irrevocable deed of sale. It was also covenanted in the said deed that the properties were leased to the same vendor for $10 monthly and that if three consecutive monthly payments should become due and not be paid punctually, it would be

considered that the total obligation was due and the purchaser would have the right to apply for an entry in the registry of the corresponding marginal note of consummation of sale.

The deed was recorded in the registry of property. The purchaser applied to the registry for the consummation of the sale and on May 27, 1913, the registrar denied the same in the following decision:

"The entry of consummation of the sale applied for is denied for the reason that it has not been proven that Vicente Lanza, the present owner of the right of redemption, has failed to make the monthly payments of rental agreed upon in the deed and a cautionary notice has been entered in the margin   *    *    *."

From this decision of the registrar the present administrative appeal was taken.

It will be seen from the decision appealed from that the registry showed that the right of redemption had been transferred to another person. Therefore, to justify the registrar in entering the consummation of the sale, failure to comply with the conditions of the deed not only by the original vendor and lessee but also by the person who substituted him in his rights, should have been proven. The record does not show the terms in which the application for the consummation was made and to enable this court to reach an exact conclusion as to the question at issue the knowledge of said terms was essential. In view, then, of the circumstances of the case, we are of the opinion that the decision appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and Aldrey concurred.